FILED
2015 Jun-12  PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH W. STEWART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **WELLS FARGO BANK,** | ) | |
| **NATIONAL ASSOCIATION,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Deborah W. Stewart, by and through her counsel of record, and for her Complaint against Defendant, Wells Fargo Bank, National Association, states the following:

## STATEMENT OF THE CASE

1.　　This is a lawsuit brought by the Plaintiff, Deborah W. Stewart, who has been affected by illegal retaliation alleged in the claim set forth below, seeking permanent relief from unlawful employment practices involving retention, promotion, compensation, and other terms and conditions of employment in failing to remedy systemic wrongful employment practices based on retaliation. The intentional practices committed by the Defendant violate the Family and Medical Leave Act of 1993, as amended,  29 U.S.C. § 2601 *et seq* ("FMLA") on the basis of retaliation.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343(4) (2006).

3.     Plaintiff has fulfilled all conditions precedent to the institution of this action under the FMLA, and she meets all the requisites of eligibility under that Act. More particularly, Plaintiff suffered from a serious health condition, as defined by the FMLA, and she complied with all requirements of the FMLA in seeking family and medical leave.

4.     The Defendant institution is located within this judicial district and division.  This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391 (2006).

## PARTIES

5.     Plaintiff, Deborah W. Stewart ("Stewart" or "Plaintiff"), is a sixty-two year-old female resident of the state of Alabama and this judicial district.  At all times material herein she was employed by Defendant.

6.     Defendant, Wells Fargo Bank, National Association (hereinafter "Defendant" or "Wells Fargo "), is a foreign corporation with its principal address in San Francisco, California, doing business in this judicial district.  Defendant  meets

2

the jurisdictional prerequisites of the FMLA.   At all times relevant to this suit, Defendant was an "employer" for the purposes of the FMLA.

## STATEMENT OF FACTS

7.    Deborah W. Stewart has worked in the sales and banking industry all of her professional life.   Beginning in 1985, she focused her career in treasury management, in which she sold certain banking services to commercial customers. Those services included overnight loan adjustment, direct deposit payroll, and lockbox services.   Stewart was a top producer in that field throughout her career.      8      .

Stewart was hired by Wells Fargo in March of 2012 in the position of Sales/Treasury Manager.   Her territory consisted of the North Alabama and South Tennessee area.

9.    She was hired by and reported to Jason Kincaid, Senior Vice President of Treasury Management, who was located in Atlanta, Georgia.   Mr. Kincaid, in turn, reported to James Walsh, Senior Vice President, Southeast Region, Middle Market Group.

10.    Stewart was provided with a sales goal for the 2012 calendar year.   At the end of her first year or employment,  she had not met her sales goal.   Nonetheless, Defendant provided Stewart with a sizeable bonus for the year, totalling more than twenty percent of her annual salary.

11.     In 2013, Plaintiff advised her employer that she was being treated medically for serious problems with the vertebrae in her neck.  Plaintiff made plans to have major neck surgery.   Shortly thereafter, her supervisor  told her that she should start looking for another job, and repeatedly asked her whether she was seeking employment elsewhere.

12.     Plaintiff was absent from July 18 to August 26, 2013, when she returned from neck surgery.

13.     For the first three weeks upon her return, she had physical limitations, weight restrictions, limited mobility, and an inability to travel, and she worked at the main office in downtown Birmingham, Alabama during that three week period.

14.      Plaintiff took up her regular duties in mid-September of 2013.

15.     Plaintiff was terminated from employment on October 8, 2013, for the stated reason that she would not be able to meet her sales goal of $875,000 by year-end.

16.      Defendant's stated reason for Plaintiff's termination was an impermissible penalty for Plaintiff's exercise of rights to which she was entitled under the FMLA, inasmuch as the time missed was counted against her.

17.     Further, Defendant's stated reason for Plaintiff's termination was a pretext for FMLA retaliation inasmuch as Plaintiff and others  had not met sales goals

in the past, and yet the others who had not exercised their rights under the FMLA had not been terminated.

### COUNT ONE
### FAMILY AND MEDICAL LEAVE ACT OF 1993:
### RETALIATORY DISCHARGE

18.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

19.     Plaintiff was denied full benefits and rights under the FMLA, in that she was retaliated against based on her exercise of rights to which she was entitled under the FMLA, to include that her employment was wrongfully terminated.  Defendant's actions were in violation of the FMLA, and were taken willfully and with malice or reckless indifference to Plaintiff's federally-protected rights.

20.     As a result of Defendant's retaliation against Plaintiff for exercising her rights under the FMLA, which resulted in, among other things, her ultimate termination, Plaintiff has suffered and will continue to suffer damage to her professional life and career opportunities, pecuniary losses, emotional distress, inconvenience, humiliation, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the following relief:

    a.      Reinstatement; or, in the alternative, front pay;

    b.      Back pay and fringe benefits from the date of termination;

    c.      Injunctive relief;

    d.      Attorneys' fees;

    e.      Costs; and

    f.      Such other legal or equitable relief as may be appropriate to effectuate the purposes of the FMLA or to which Plaintiff may be reasonably entitled.

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

            **Respectfully submitted,**

            **/s/ John D. Saxon**

            **John D. Saxon**
            **Alabama Bar  No. ASB-3258-071J**
            **Donna Smith Cude**
            **Alabama    Bar    No.    ASB-7680-W18A**
            **Attorneys for Plaintiff**

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
**2119 3rd Avenue North**
**Birmingham, AL 35203**
**Tel:   (205) 324-0223**
**Fax:   (205) 323-1853**
**Email: jsaxon@saxonattorneys.com**
      **dcude@saxonattorneys.com**

**Plaintiff's Address:**

Deborah W. Stewart
Birmingham, AL 35242
c/o John D. Saxon
**JOHN D. SAXON, P.C.**
2119 Third Avenue North
Birmingham, Alabama 35203

**PLEASE SERVE THE DEFENDANT BY**
**CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Wells Fargo Bank, National Association
c/o CSC Lawyers Incorporating Serv. Inc., its registered agent
150 South Perry St.
Montgomery, AL 36104